ROWE, J.,
dissenting.
I respectfully dissent. Because appellant was convicted of the offense of second degree murder, an offense he committed simultaneously with the nonhomicide offense for which he seeks resentencing, he is not entitled to relief under Graham v. Florida, — U.S.-, 180 S.Ct. 2011, 176 L.Ed.2d 825 (2010).
The Supreme Court in Graham announced a categorical ban precluding the imposition of life-without-parole sentences on juveniles convicted of non-homicide crimes.
This Court now holds that for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole. This clear line is necessary to prevent the possibility that life without parole sentences will be imposed on juvenile nonhomicide offenders who are not sufficiently culpable to merit that punishment.
Id. at 2080 (emphasis added). Thus, in explaining the limitations of the categorical ban announced in Graham, the Supreme Court provided a bright-line test, dividing juveniles convicted of non-homicide offenses from juveniles convicted of homicide offenses. This conclusion is supported by the Supreme Court’s characterization of Graham in its recent decision in Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012):
To be sure, Graham's flat ban on life without parole applied only to nonhomi-cide crimes, and the Court took care to distinguish those offenses from murder, based both on moral culpability and consequential harm.... Graham’s ... categorical bar relates only to nonhomicide offenses.
Id. at 2465.
The majority acknowledges that the Supreme Court in Graham expressed that “[jjuvenile offenders who committed both homicide and nonhomicide crimes present a different situation for a sentencing judge than juvenile offenders who committed no homicide” and that “[t]he instant case concerns only those juvenile offenders sentenced to life- without parole solely for a nonhomicide offense.” Id. at 2023 (emphasis added). However, the majority characterizes the foregoing language as mere dicta.
I respectfully disagree with the majority and would apply Graham as -written. The Graham majority limited the categorical ban against life-without-parole sentences to cases involving juveniles who have not committed murder. Id. at 2017-18, 2030, 2033. The holding in Graham does not offer relief to juvenile offenders who commit nonhomicide offenses in conjunction with homicide offenses. Id. Here, because appellant committed the offense of second-degree murder simultaneously with the nonhomicide offense of attempted first degree murder, the holding in Graham does not bar his sentence for life without the possibility of parole. I would therefore affirm the trial court’s order denying the appellant’s post-conviction motion seeking resentencing under Graham. Further, I would decline the invitation to expand the holding of Graham beyond the “clear line” established in that case. Id. at 2030. If the Supreme Court intends for the categorical ban announced in Graham to extend to juvenile offenders convicted of homicide offenses, it will have to say so. See Bunch v. Smith, 685 F.3d 546 (6th *1177 Cir.2012) (declining to extend the holding in Graham to a juvenile who received an aggregate 89-year sentence for multiple non-homicide offenses); Henry v. State, 82 So.3d 1084, 1089 (Fla. 5th DCA 2012) (declining to extend the holding in Graham to a juvenile who received a lengthy term-of-years sentence for nonhomicide offenses); Walk v. State, 99 So.3d 967 (Fla. 2d DCA 2012) (declining to extend the holding in Graham to a juvenile who received sentences totaling sixty-five years for multiple non-homicide offenses).